# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-993V
### Filed: May 14, 2015

* * * * * * * * * * * * * * * * * * * * * * * * * *

CHRISTINA LOKAY,

          Petitioner,

SECRETARY OF HEALTH
AND HUMAN SERVICES,

          Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * * *

Damages Decision Based on Proffer;
Influenza or Flu Vaccine;
Shoulder Injury Related to Vaccine
Administration ("SIRVA");
Special Processing Unit ("SPU")

*Danielle Strait, Esq., Maglio, Christopher and Toale, P.A. (DC) Washington, DC, for petitioner.*
*Lara Englund, Esq., U.S. Dept. of Justice, Washington, DC for respondent.*

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On October 15, 2014, Christina Lokay filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury which was caused by the influenza vaccine she received on November 19, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 12, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation. On May 14, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $130,000.00. Proffer at 1. According to respondent's Proffer, petitioner agrees to this proposed amount. *Id.*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $130,000.00 in the form of a check payable to petitioner, Christina Lokay.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| CHRISTINA LOKAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 14-993V |
| | ) | Chief Special Master Denise Vowell |
| SECRETARY OF | ) | |
| HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.      Compensation for Vaccine Injury-Related Items**

Respondent proffers that, based on the evidence of record, petitioner should be awarded $130,000.00.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); -15(a)(3)(A); and -15(a)(4).  Petitioner agrees.

**II.      Form of the Award**

The parties recommend that the compensation provided to petitioner should be made as lump sum payment of $130,000.00, in the form of a check payable to petitioner.[1]  Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail:  lara.a.englund@usdoj.gov

Dated:  May 14, 2015