# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-0993V
Filed: September 4, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| CHRSITINA LOKAY, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | *   Attorney Fees and Costs; Stipulation |
| SECRETARY OF HEALTH AND | * |
| HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Danielle Strait, Esq., Maglio Christopher and Toale, PA, (DC) Washington, DC,*
   *for petitioner.*
*Lara Englund, Esq., US Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Special Master:

On October 15, 2014, Christina Lokay filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury which was caused by the influenza vaccine she received on November 19, 2013. Petition at 1. On May 14, 2015, I issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

On September 4, 2015, the parties filed a Stipulation of Facts Regarding Final Attorneys' Fees and Costs. According to the stipulation, the parties agree upon an award of $16,901.36 for attorney's fees and costs. In compliance with General Order #9, petitioner filed a statement indicating "did not incur costs related to the litigation of this matter." Declaration, filed Sept. 4, 2015. Petitioner's counsel also represents that petitioner incurred no out-of-pocket expenses. Stipulation, ¶ 4.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). I find the proposed amount to be reasonable.

**Accordingly, I award the total of $16,901.36[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Danielle Strait.**

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
**Denise K. Vowell**
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).